IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| GLYNN R. SIMMONS, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Case No. CIV-18-232-SLP |
| JOE ALLBAUGH, | ) | |
| Respondent. | ) | |

### **O R D E R**

Petitioner, Glynn R. Simmons, is an Oklahoma state prisoner appearing pro se in this matter. However, at the time the Petition was filed and through the filing of his Objection to the Magistrate Judge's Report and Recommendation, Petitioner appeared through counsel, Rand Eddy. The Court granted Mr. Eddy leave to withdraw his appearance after the Objection was filed. *See* Order [Doc. No. 28] (J. Miles-LaGrange).[1]

### **I.  Introduction**

Petitioner is serving a life sentence for a 1975 murder conviction. *See Roberts v. State*, 564 P.2d 246 (Okla. Crim. App. 1977).[2] In 1995 the Oklahoma Pardon and Parole Board (Board) recommended Petitioner for parole release, but the Governor of the State of Oklahoma rejected the Board's parole recommendation. In 1997, Petitioner brought an action in this judicial district pursuant to 28 U.S.C. § 2254 and challenged his conviction

---

[1] This case was subsequently reassigned to the undersigned. *See* Order [Doc. No. 32].

[2] The style of the case reflects the fact that Petitioner was convicted with his co-defendant, Don Roberts.

and sentence. His petition was denied and the Tenth Circuit affirmed the denial. *See Simmons v. Ward*, No. 98-6414, 1999 WL 983090 (10th Cir. Oct. 29, 1999) (unpublished op.).[3]

Petitioner now brings this action pursuant to 28 U.S.C. § 2241 challenging the execution of his sentence arising from matters related to Oklahoma's parole procedures and prior parole denials by the Board. Petitioner seeks as relief his "immediate release."

## II. Petitioner's Claims for Relief

In the Petition [Doc. No. 1], Petitioner identifies the following four grounds for relief:

Ground One: The State of Oklahoma has extended the duration of Mr. Simmons' term of imprisonment in violation of the 14th Amendment Equal Protection Clause;

Ground Two: Three-year offset of parole hearing frequency violates Mr. Simmons' federal protection against ex post facto laws;

Ground Three: Contracts between the State of Oklahoma and the corporate prisons that contain quota/occupancy guarantees subject Mr. Simmons to denial of parole release and/or interference with parole consideration by private actors, which is unconstitutional; the State of Oklahoma knows of the undue influence and failed to take action to abate it; and

Ground Four: By any definition or measure, Mr. Simmons has served a longer term of imprisonment than any other prisoner in the State. The confluence of factors, i.e., Mr. Simmons will not admit guilt; Mr. Simmons' co-defendant has been free on parole for 10 years and application of the more onerous 85% demonstrate due process violations.

---

[3] Petitioner now claims he is actually innocent of the crime and relies, in part, on two letters from the prosecuting attorney written in 1993 and 1995 and submitted to the Board. The prosecuting attorney's letters acknowledge that the "evidence was thin" but further state that it was "sufficient for a jury to convict [Petitioner]" and that the "the jury could have gone either way." *See* Pet'r's Am. Br. [Doc. No. 7] at 7-8; *see also id.*, Exs. 2 and 4. These letters preceded the filing of Petitioner's 1997 federal habeas corpus action seeking relief pursuant to 28 U.S.C. § 2254.

*See* Pet., ¶ 13.

In further support of his first ground for relief, Petitioner alleges that the Board's actions in denying him parole are arbitrary and capricious. Petitioner claims at both his 2014 and 2017 parole hearings, he did not have the benefit of consideration by a five-member Board, as required by the Oklahoma Constitution. *See* Pet'r's Am. Br. at 8-9 (citing Okla. Const. Art. 6, § 10). Specifically, with respect to his 2014 parole consideration, Petitioner claims the Board consisted of only four members who rendered a split decision. With respect to his 2017 parole consideration, Petitioner claims the Board consisted of only three members and that one of those members is the son of the former District Attorney of Oklahoma County who was the District Attorney at the time of his conviction. Petitioner claims the State's arbitrary administration of its parole system constitutes a violation of his federal constitutional rights. *Id*. at 14 (citing *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex,* 442 U.S. 1 (1979)).

As to his second ground for relief, Petitioner alleges that he should be receiving annual parole review instead of review once every three years. He alleges changes to the Oklahoma statute governing his parole consideration constitute a violation of the Ex Posto Facto Clause. *Id*. at 17-19.

In further support of his third ground for relief, Petitioner claims that he has been housed in a private prison for the past 20 years and that Oklahoma's contractual agreements with private, for-profit prisons has resulted in a decrease in parole releases. He claims this conduct constitutes additional grounds for finding the State has acted arbitrarily and

capriciously in the denial of his parole. *Id*. at 19 (alleging that "occupancy guarantee contracts with corporate prisons extend [Petitioner's] sentence duration").

Finally, in further support of his fourth ground for relief, Petitioner claims under Oklahoma's "85% Rule," he discharged his sentence in approximately May 2016. Therefore, Petitioner claims he is entitled to immediate release. *Id*. at 21-22.[4]

## III. Respondent's Motion to Dismiss

Respondent moved to dismiss the Petition alleging: (1) Petitioner's claims (except certain claims related to his 2017 parole proceeding) are time-barred under 28 U.S.C. § 2244(d)(1); and (2) Petitioner failed to exhaust state judicial remedies as to all claims. Alternatively, Respondent argued that any claim that was timely, but unexhausted, could be denied on the merits because Petitioner does not have a liberty interest in parole nor does Petitioner have a liberty interest in the place of his confinement.

In response, Petitioner did not address the exhaustion issue. Nor did Petitioner directly address the untimeliness of his claims. Instead, he purported to invoke his actual innocence as grounds for obtaining review of his claims. And otherwise, Petitioner re-urged the merits of his ex post facto claim and his claim of arbitrary action by the Board.

---

[4] Petitioner references an Oklahoma law that requires persons convicted of certain crimes to serve at least 85 percent of the sentence imposed before becoming eligible for parole. *See* Okla. Stat. tit. 21, § 13.1(1) (first degree murder). The 85% Rule applies to persons convicted after 2001. It is unclear how Petitioner claims he would have discharged his sentence under the 85% Rule.

4

## IV. The Magistrate Judge's Findings and Recommendation

The Magistrate Judge found that Petitioner did not exhaust state court remedies as to any of the claims raised and, therefore, recommended dismissal of the Petition without prejudice. In making this finding, the Magistrate Judge determined that exhaustion would not be futile and that post-conviction relief was an available remedy to Petitioner under Oklahoma law. The Magistrate Judge did not address Respondent's statute of limitations defense or alternative argument that Petitioner has no liberty interest in either parole or the place of his confinement.

## V. Petitioner's Objection to the Report and Recommendation

Petitioner objects to the Report and Recommendation. *See* Obj. [Doc. No. 20]. He contends there is no available state court remedy to challenge parole decisions under Oklahoma law. He additionally contends requiring exhaustion would be futile because the State has been "put on notice" of his claims. *See* Obj. at 7. For the first time in his objection, Petitioner further argues that "the extraordinary facts of this case warrant reopening Petitioner's 1997 habeas case under Rule 60(b)." *Id.* at 8.

Respondent has filed a response to Petitioner's Objection, *see* [Doc. No. 25], to address Petitioner's attempt to reopen his 1997 habeas action under Rule 60(b) of the Federal Rules of Civil Procedure. First, Respondent notes the current habeas petition challenges the execution of Petitioner's sentence pursuant to 28 U.S.C. § 2241 and, therefore, a challenge to his conviction is not proper in this action. Second, Respondent contends Petitioner has waived this issue by raising it for the first time in an objection to the Report and Recommendation. Third, Respondent argues that relief under Rule 60(b)

is unavailable to Petitioner because such relief is untimely and Petitioner's allegations of fraud are unfounded.

## VI. Analysis

Petitioner brings this action pursuant to 28 U.S.C. § 2241 and seeks as relief his immediate release. Under Tenth Circuit precedent, "the types of claims cognizable under § 2241 are those in which an individual seeks either immediate release from, or a shortened period of, custody altogether." *Palma-Salazar v. Davis*, 677 F.3d 1031, 1037 n. 2 (10th Cir. 2012). A challenge to the parole board's denial of parole constitutes a "challenge to the execution of a state sentence" and "is properly brought as an application for writ of habeas corpus under 28 U.S.C. § 2241." *Durre v. Zenon*, 116 F. App'x 179, 180 (10th Cir. 2004).

A habeas petitioner seeking relief under § 2241 must exhaust available state remedies. *Montez v. McKinna*, 208 F.3d 862 866 (10th Cir. 2000); *Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005). "The petitioner bears the burden of showing that he has exhausted available state remedies." *Robinson v. Rice*, No. 18-7065, -- F. App'x --, 2019 WL 2337011 at *1 (10th Cir. June 3, 2019) (unpublished op.) (citing *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *Fuller v. Baird*, 306 F. App'x 430, 431 n.3 (10th Cir. 2009)).

The record is undisputed that Petitioner has not exhausted state court judicial remedies. *See* Pet., ¶ 7.[5] Petitioner argues that under Oklahoma law, no available judicial

---

[5] As noted, Petitioner points to actions taken by him directed to the Oklahoma County District Attorney, the Oklahoma Attorney General and/or the Board with respect to his parole and/or

6

remedy exists to challenge an "administrative decision" made by the Board. But the case law Petitioner cites to support his argument is inapposite. Those cases arose in the context of Oklahoma prisoners' challenges to earned credit calculations. *See Wilson*, 430 F.3d 1113; *Gamble v. Calbone*, 375 F.3d 1021 (10th Cir. 2004).[6]

    Petitioner has failed to meet his burden of establishing state judicial remedies are unavailable to him. Petitioner fails to address remedies available under Oklahoma's Post-Conviction Procedure Act. *See* Okla. Stat. tit. 22, § 1080(e)-(f).[7] Nor has Petitioner addressed judicial remedies available to him pursuant to a writ of mandamus or writ of habeas corpus where, as here, he expressly claims a right to immediate release. *See, e.g., Scales v. Walters*, 905 P.2d 233, 235 (Okla. Civ. App. 1995).[8]

---

commutation. But he points to no attempts at exhaustion of the constitutional claims raised in the Petition through the Oklahoma courts.

[6] Oklahoma subsequently amended its laws and now affords judicial review of prison disciplinary proceedings that involve revocation of earned good behavior credits. *See* Okla. Stat. tit. 57, § 564.1.

[7] The Act provides in relevant part: "[a]ny person who has been convicted of, or sentenced for, a crime and who claims . . . that . . . he is . . . unlawfully held in custody or other restraint" or "that the conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding or remedy [] may institute a proceeding under this act . . . to secure the appropriate relief." *Id*.

[8] As the Magistrate Judge noted, case law indicates state court remedies are available. *See* R&R at 11 (citing procedural history of *Henderson v. Scott*, 260 F.3d 1213, 1214-15 (10th Cir. 2001)). This Court has been unable to find any case directly addressing the availability of judicial remedies under Oklahoma law with respect to the specific issues of this case. But, as in *Henderson*, several additional cases indicate such relief is available through recitation of the procedural history. *See Parks v. State ex rel. Pardon & Parole Bd.*, 417 P.3d 1232, 1234 (Okla. Civ. App. 2017) (reciting procedural history and noting trial court's initial dismissal of claim challenging statutory changes concerning the scheduling of parole reconsideration as claim required to be brought under Oklahoma's Post-Conviction Procedure Act but addressing claim raised pursuant to amended petition seeking declaratory relief under Oklahoma's Administrative Procedures Act); *Burger v. Scott*, 317 F.3d 1133, 1139-40 (10th Cir. 2003) (addressing procedural history of properly filed state habeas action challenging changes in parole frequency consideration on Ex Post Facto

7

Alternatively, the Court finds that even if state judicial remedies are not available to Petitioner, his claims otherwise lack merit. *See Simpson v. Chrisman*, 562 F. App'x 724, 725 (10th Cir. 2014) (recognizing a court may deny a § 2241 petition on the merits without resolving the exhaustion question (citing *Montez*, 208 F.3d at 866)). As Respondent argued in moving for dismissal, Petitioner's claims unrelated to his 2017 parole proceedings are time-barred. *See* 28 U.S.C. § 2244(d)(1)(D); *see also Griffith v. Bryant*, 625 F. App'x 914, 916 (10th Cir. 2015) ("Because [the petitioner] challenged the execution of his sentence under § 2241, the limitations period began to run when 'the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.'" *Id*. (quoting § 2244(d)(1)(D)).

Moreover, Petitioner's claim related to his 2017 parole proceedings, based on alleged arbitrary and capricious conduct of the Board, lacks merit. It is well-established that Oklahoma's parole system is discretionary and therefore that no liberty interest exists protected by due process. *See, e.g., Clark v. Fallin*, 654 F. App'x 385, 387 (10th Cir. 2016) (citing *Boutwell v. Keating*, 399 F.3d 1203, 1213-15 (10th Cir. 2005)). Petitioner argues that his claim is not premised on any liberty interest in parole, but instead premised on constitutional protections against the "arbitrary denial of parole release[.]" *See, e.g.*, Pet'r's Resp. [Doc. No. 18] at 7-8 (citing Pet'r's Am. Br. at 14).

---

grounds in context of timeliness of § 2241 habeas petition); *Jackson v. Standifird*, 503 F. App'x 623, 624 (10th Cir. 2012) (reciting procedural history and noting that "[a]fter exhausting state court remedies" the petitioner filed a § 2241 petition challenging Oklahoma parole board's denial of parole as violating his constitutional due process and equal protection rights).

8

The Third Circuit appears to be the only Circuit to recognize a claim based on the purported distinction drawn by Petitioner, i.e., that he has a substantive due process right to be free from arbitrary action with respect to parole consideration. *See Block v. Potter*, 631 F.2d 233, 236 (3d Cir. 1980) ("Even if a state statute does not give rise to a liberty interest in parole under *Greenholtz*, once a state institutes a parole system all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons."). But, as the Tenth Circuit has recently acknowledged in an unpublished decision, the Third Circuit's approach in *Block* has "since been rejected by other circuits" and "even called into doubt by the Third Circuit itself." *Lamar v. O'Dell*, 750 F. App'x 714, 717 (10th Cir. 2018) (citation and internal quotation marks omitted); *see also Pettigrew v. Zavaras*, 574 F. App'x 801, 810-815 (10th Cir. 2014) (rejecting prisoner's substantive due process challenge based on parole board's alleged consideration of false information, noting other circuits "prevailing unfavorable view of *Block*" and stating Tenth Circuit was "disinclined to adopt *Block's* substantive due-process reasoning" under the facts presented); *Parker v. Sirmons*, 152 F. App'x 705, 707-08 (10th Cir. 2005) (noting that "no Tenth Circuit published opinion has addressed a substantive due process challenge to the denial of parole of an Oklahoma inmate" and that "the majority of other circuits to address the question have found that the requirement of a state-created liberty interest is the threshold requirement for any due process claim – whether substantive or procedural" but declining to decide the issue because prisoner had failed to show he was denied parole for any arbitrary or unconstitutional reason); *Maghe v. Koch*, No. 96-7060, 1997 WL 76014 at *4 (10th Cir. Feb. 24, 1997) (unpublished op.)

9

(rejecting Oklahoma prisoner's challenge to "the validity of information considered by the parole board or the adequacy of the process or lack of process for correcting the information" where prisoner had "no liberty interest in obtaining parole under the discretionary Oklahoma parole system").[9] Accordingly, the Court finds that Petitioner's substantive due process challenge to the denial of parole, based on alleged arbitrary action, necessarily fails.

Nor does Petitioner have a constitutional right to confinement in any particular place and, therefore, *to the extent* he challenges his placement in a private prison, his claim fails. *See, e.g., Reed v. Hargett*, No. 99-6371, 2000 WL 990944 at * 1 (10th Cir. July 19, 2000) (unpublished op.) (rejecting prisoner's request not to be transferred to a private facility and recognizing general rule that "a state prisoner has no federal constitutional right to serve his sentence in any particular place of confinement").[10]

Finally, the Court rejects Petitioner's purported attempt to obtain relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure on grounds of actual innocence. Petitioner did not raise the issue until his Objection and, therefore, has waived the issue.

---

[9] In *Schuemann v. Colorado State Bd. of Adult Parole*, 624 F.2d 172, 173 (10th Cir. 1980), the Tenth Circuit stated that it could review the decision of a state parole board "to determine if it was arbitrary, capricious or an abuse of discretion." But as the cited cases demonstrate, in recent years, the Tenth Circuit has not cited *Schuemann* as precedent establishing a substantive due process claim under the circumstances presented here and instead, has found that where no liberty interest in parole exists, a claim of arbitrary or capricious conduct in relation to the denial of parole is not actionable.

[10] In responding to the motion to dismiss, Petitioner stated that his private prison challenge "was not at all related to location or place of confinement" but to the arbitrariness of parole denial. *See* Pet'r's Resp. at 8-9. But even so construed, as set forth, the Court finds such a claim fails absent a liberty interest in parole.

Moreover, the relief Petitioner seeks pursuant to Rule 60(b) expressly challenges the validity of his conviction and sentence and, therefore, he would need to seek such relief through a § 2254 petition. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Indeed, Petitioner acknowledges as much as he requests the Court to "reopen [his] 1997 habeas petition and review all claims raised there[.]" *See* Obj. at 11. In this regard, Petitioner is admonished specific requirements accompany his request for such second or successive relief. *See* 28 U.S.C. § 2244(b)(2).[11]

## VII. Conclusion

For the reasons set forth, the Petition is dismissed without prejudice for failure to exhaust state court remedies. Alternatively, the Petition is denied on the merits.

IT IS THEREFORE ORDERED that the Court ADOPTS the Report and Recommendation [Doc. No. 19] and for the additional reasons set forth, dismisses Petitioner's § 2241 action. A separate judgment of dismissal shall be entered.

IT IS FURTHER ORDERED that Petitioner's request for relief pursuant to Fed. R. Civ. P. 60(b) is DENIED.

---

[11] The Court further notes that in Petitioner's response to the motion to dismiss, he argued that he "elected" to file a § 2241 action because seeking leave to file a motion before the Tenth Circuit Court of Appeal for leave to file a second or successive § 2254 petition "seems unduly burdensome on the Court and the Petitioner." *See* Pet'r's Resp. [Doc. No. 18] at 5-6. Petitioner appears to fully understand, therefore, that prior authorization from the Circuit is required. Any "burdensome" factor does not relieve Petitioner of following the statutory prerequisites accompanying the filing of a second or successive § 2254 petition.

11

IT IS SO ORDERED this 23rd day of July, 2019.

                                                      *[signature]*
                                                     **SCOTT L. PALK**
                                                     **UNITED STATES DISTRICT JUDGE**